**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**TAMMY DENICE POLLARD (D-2),**

    Defendant.

_____/

Case No. 13-20887

HON. DENISE PAGE HOOD

### ORDER DENYING EMERGENCY MOTION FOR ONE-DAY FURLOUGH, BUT ALLOWING DEFENDANT TO ATTEND THE FUNERAL SERVICE WITH A UNITED STATES MARSHAL SERVICE ESCORT

On October 22, 2013, a Complaint charging Tammy Denice Pollard and co-defendant Willie Riley Curry with: Production of Child Pornography, 18 U.S.C. § 2251; Sex Trafficking of Children, 18 U.S.C. § 1591; and, Felon in Possession of a Firearm, 18 U.S.C. § 922(g). The Magistrate Judge ordered Pollard be detained pending trial after a detention hearing was held. (Doc. No. 15) The Magistrate Judge found that the Government established by clear and convincing evidence that Pollard is a danger to the community and a flight risk. The Magistrate Judge found that Pollard participated in the taking of sexually suggestive and pornographic pictures of the victims, took and watched them on dates, and threatened violence against one of the victims. The Magistrate Judge noted that Pollard has a history of failure to appear at court appearances, absconding and multiple aliases. (Doc. No. 15) The Indictment was issued on November 27, 2013, charging Pollard with five counts of: Production of Child Pornography, 18 U.S.C. §§ 2251(a), 2 (Count 3); Conspiracy to Engage in Sex Trafficking of Children, 18 U.S.C. § 1594(c) (Count 4); Sex Trafficking of Children, 18 U.S.C. §§ 1591(a) and (b), 2 (Count 5); Sex Trafficking of Children, 18 U.S.C. §§ 1591(a) and (b), 2 (Count 6); and, Attempted Sex Trafficking of Children, 18 U.S.C. §§ 1591(a) and (b), 1594(a) and 2 (Count 7).

On December 17, 2013, Pollard filed an Emergency Motion for One-Day Furlough to attend

her sister's funeral, which has yet to be scheduled at the time the motion was filed and as of the writing of this Order. The Government agrees to the one-day furlough, with a United States Marshal escort. Pollard asserts that because of her indigency, she cannot afford the cost of the Marshal escort.

The Government, having agreed to Pollard's request but with a Marshal escort, the Court will allow Pollard to attend her sister's funeral with a Marshal escort. As noted by the Magistrate Judge's Detention Order, Pollard is a serious risk for non-appearance and is a danger to the safety of others or the community. (Doc. No. 15) The case cited by the defense, *United States v. Diaz,* 2010 WL 1418141, \*\*1, 4 (D. N.M. 2010), does not stand for the proposition as argued by the defense that although there are no conditions that would reasonably assure community safety or the defendant's appearance at future court dates sufficient to justify a full release on bond, such conditions did exist to support the defendant's furlough to attend a funeral. In *Diaz*, the issue before the court was whether the court should grant defendant's second request to be released from detention. The district court found that there was no new information since the first detention hearing which significantly changed the posture of the second request of release. The second request to be released from detention was denied. The district court merely noted that the defendant was granted a furlough to attend a funeral and that the government argued the emergency furlough was neither representative of the defendant's lack of flight risk nor was indicative of the defendant's lack of danger to the community. The *Diaz* decision did not address the standard governing a request for furlough, only noting that defendant was granted such to attend a funeral.

In a request for furlough to attend a funeral by a federal pretrial-detainee defendant, courts may review the request under 18 U.S.C. § 3145(b) by reviewing a magistrate judge's order of detention. *See United States v. Route,* 2012 WL 3578664, \*1 (E.D. Wash. Aug. 17, 2012). A review of a magistrate judge's detention order is a *de novo* hearing. *United States v. Koubritti,* 2001 WL 1525270 at \*5 (E.D. Mich. Oct. 16, 2001); *United States v. Jones*, 804 F.Supp. 1081 (S.D. Ind. 1992); *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985). The district court must order

detention if, after a hearing, it concludes "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ." 18 U.S.C. § 3142(e). The Government has the ultimate burden of proof by clear and convincing evidence that the defendant presents a danger to the community and that no condition or combination of conditions could reasonably assure the safety of the defendant or of other persons and the community. *United States* v. *Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).

The Court's review of the Magistrate Judge's Order of Detention and the Pretrial Services' Report establishes that there is no condition or combination of conditions which will reasonably assure the appearance of Pollard and the safety of the victims and others in the community. As Pollard has a history of criminal activity since 2001, failing to appear at court appearances and absconding. Pollard also has at least seven aliases noted by Pretrial. The Court will not allow Pollard to attend the funeral without a Marshal Service escort.

Accordingly,

IT IS ORDERED that Defendant's Emergency Motion for One-Day Furlough to Attend Sister's Funeral **(Doc. No. 25)** is DENIED. However, Defendant may attend her sister's funeral accompanied by the United States Marshal Service in accordance with the Marshal Service and Pretrial Services' policies and procedures, once the funeral service date is set and evidence of such is received by the Marshal Service and/or Pretrial Services, verified by the funeral director and/or church officer.

                                                             S/Denise Page Hood
                                                             Denise Page Hood
                                                             United States District Judge

Dated: December 19, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 19, 2013, by electronic and/or ordinary mail.

                                                             S/LaShawn R. Saulsberry
                                                             Case Manager