UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TAMMY DENICE POLLARD (D2),

    Defendant.
_____/

Case No.  13-20887

HONORABLE DENISE PAGE HOOD

## ORDER DENYING MOTION FOR BOND

**I.   BACKGROUND**

This matter is before the Court on Defendant Tammy Denice Pollard's Motion for Bond.  The Court held a hearing in this matter on January 13, 2015 and March 3, 2015.  The Government filed a supplemental brief opposing the motion on January 16, 2015.  On March 3, 2015, the Court denied on the record Pollard's Oral Motion for Bond.

A First Superseding Indictment was issued on June 24, 2014 charging Defendants Willie Riley Curry and Tammy Denice Pollard with: Production of Child Pornography, 18 U.S.C. § 2251(a) (Counts One (Curry), Two (Curry) and Three (Curry and Pollard)); Conspiracy to Engage in Sex Trafficking of Children, 18 U.S.C. § 1594(c) (Count Four (Curry and Pollard)); Sex Trafficking of Children, 18 U.S.C.

§§ 1591(a) and (b) (Counts Five and Six (Curry and Pollard)); Attempted Sex Trafficking of Children, 18 U.S.C. §§ 1591(a) and (b), 1594(a) and 2 (Count Seven (Curry and Pollard)); and, Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1) (Count Eight) (Curry).  (Doc. No. 47)  In August 2013, the Indictment alleges that Defendants induced three minor victims to engage in sexually explicit conduct for the purpose of producing visual depiction of such conduct and that such depiction was produced and transmitted using materials transported through interstate and foreign commerce.

## II. ANALYSIS

Pollard was ordered detained pending trial by the Magistrate Judge on October 28, 2013. (Doc. No. 15) Pollard, over one year later, seeks review of the Order for Detention Pending Trial.  The Government responds that the presumption of detention applies in this case and that Pollard has not rebutted the presumption.

The Court may review the Magistrate Judge's order detaining a defendant.  18 U.S.C. § 3145(b).   A review of a Magistrate Judge's detention order is a *de novo* hearing.  *United States v. Koubritti,* 2001 WL 1525270 at \*5 (E.D. Mich. Oct. 16, 2001); *United States v. Jones*, 804 F.Supp. 1081 (S.D. Ind. 1992); *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985).   The district court must order detention if, after a hearing, it concludes "that no condition or combination of conditions will

reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ." 18 U.S.C. § 3142(e). The Government has the ultimate burden of proof by clear and convincing evidence that the defendant presents a danger to the community and that no condition or combination of conditions could reasonably assure the safety of the defendant or of other persons and the community. *United States* v. *Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). This matter is a rebuttable presumption of detention case under 18 U.S.C. § 3142(e)(3) where the charges involve production of child pornography and sex trafficking of children. 18 U.S.C. § 3142(e)(3)(E). The presumption in favor of detention imposes a burden of production of "some evidence" on the defendant that she does not pose a danger to the community or a risk of flight. *United States v. Stone,* 608 F.3d 939, 945 (6th Cir. 2010).

The district court must make findings as to bond or detention based on the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g). Each factor is addressed below.

(1) As to the nature and circumstances of the offenses charged–the charges against Pollard include five counts of child pornography and sex trafficking of

children.  Pollard faces 15 to 30 years of imprisonment in Count Three, up to life on Count Four, and, 15 years to life on Counts Five, Six and Seven.

(2) The weight of the evidence against the person–the Indictment establishes probable cause for the offense.  *Hazime,* 762 F.2d at 37.

(3) The history and characteristics of the person–as argued by Pollard based on a medical examination, she suffers from Major Depressive Disorder, Posttraumatic Stress Disorder and Borderline Personality Traits.  Pollard claims that the symptoms of her untreated mental health condition contributed to her impulsive and reckless lifestyle that led to this case.  While incarcerated, Pollard has completed Christian Intervention and Women's Alcohol and Drug Education Programs.

(4) The nature and seriousness of the danger posed by the person's release–based on the interviews of the minor victims and the alleged crimes committed by Pollard against those victims and alleged threats by Pollard as to those victims, Pollard is a danger to the victims, but also to children in general.

(5) As to risk of flight–Pollard is facing in some counts a minimum of 15 years and in other counts up to life of imprisonment.  At the January 13, 2015 hearing, Pollard indicated that if released, she would reside with her daughter, Diamond Pritchett, in Saginaw, Michigan.  The Government in its supplemental brief indicates that Pritchett is a witness to the crimes alleged in that she resided with Pollard at the

Warwick address during the pertinent times alleged in the Indictment. The Government offered evidence disputing Pollard's representations to the Court at the January 13th hearing that her daughter did not reside at the Warwick house. Based on the Government's submission, the Court is satisfied that Pritchett is a potential witness in this case and was residing at the Warwick residence during the times at issue. Residing with Pritchett is not a sufficient option.

Weighing the factors, above, Pollard has not sufficiently rebutted the presumption of detention. There is a risk of flight in light of the mandatory minium of 15 years she is facing. As to danger to the community, Pollard has not rebutted the presumption of detention in light of the allegations by the minor victims of violence, forced sex trafficking and production of child pornography. There are no conditions or a combination of conditions which would reasonably assure the safety of others.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motion for Bond filed by Tammy Denice Pollard **(Doc. No. 69)** is DENIED.

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: April 7, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 7, 2015, by electronic and/or ordinary mail.

           s/LaShawn R. Saulsberry
           Case Manager