**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

                                  Case No.  13-20887

v.

                                  HON. DENISE PAGE HOOD

TAMMY DENICE POLLARD (D2),

    Defendant.

_____/

## ORDER DENYING MOTION TO WITHDRAW PLEA OF GUILTY AND DENYING ORAL MOTION FOR BOND

**I.   BACKGROUND**

A First Superseding Indictment was issued on June 24, 2014 charging Defendants Willie Riley Curry and Tammy Denice Pollard with: Production of Child Pornography, 18 U.S.C. § 2251(a) (Counts One (Curry), Two (Curry) and Three (Curry and Pollard)); Conspiracy to Engage in Sex Trafficking of Children, 18 U.S.C. § 1594(c) (Count Four (Curry and Pollard)); Sex Trafficking of Children, 18 U.S.C. §§ 1591(a) and (b) (Counts Five and Six (Curry and Pollard)); Attempted Sex Trafficking of Children, 18 U.S.C. §§ 1591(a) and (b), 1594(a) and 2 (Count Seven (Curry and Pollard)); and, Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1) (Count Eight) (Curry).  (Doc. No. 47) The Indictment alleges that on August 2013, Defendants induced three minor victims to engage in sexually explicit conduct for the

purpose of producing visual depiction of such conduct and that such depiction was produced and transmitted using materials transported through interstate and foreign commerce. Pollard entered into a Rule 11 Plea Agreement with the Government. A plea hearing was held on March 3, 2015 on Pollard's plea of guilty. The Court accepted the Rule 11 Plea Agreement and Pollard's plea of guilty, finding that the plea was knowingly, freely and voluntarily made.

Curry proceeded to trial before a jury. On August 12, 2015, the jury found Curry guilty on all the counts against him. (Doc. No. 153)

This matter is now before the Court on a Motion to Withdraw Plea of Guilty filed by Pollard. (Doc. No. 190) The Government filed a response opposing the motion and Pollard filed a supplemental brief. A hearing was held on the matter.

**II.   ANALYSIS**

Pollard submits that there exists a fair and just reason for seeking withdrawal of her guilty plea. Pollard claims that the Government now refuses to file a 5K1.1 motion since Pollard did not testify at the trial of co-Defendant Curry. Pollard asserts that she has provided significant information to the Government to assist the Government in preparing for Curry's trial, specifically that a "sliding scale" of cooperation was to be used depending on Pollard's degree of assistance. Pollard claims that pursuant to the Cooperation Agreement, she met with the Government on

numerous occasions providing detailed information and preparing to testify at trial. Pollard asserts that she did not testify at trial because of the constant threats made to her and to her two children on the eve of trial. Pollard further claims that she suffers from depression, which is documented by Dr. Jeffrey Wendt's report submitted to the Court.

The Government responds that the information provided by Pollard corroborated the events as reported by the minor victims and other witnesses. The Government claims that Pollard provided no new information which led to additional charges, new witnesses or new evidence. The Government further claims that the Cooperation Agreement explicitly states that Pollard's refusal to testify is a breach of the Agreement. The Government asserts that one week prior to trial, on July 20, 2015, the Government received a letter from Pollard's then-counsel, Patricia Maceroni, who indicated Pollard was going to testify for the Government. Before trial, Pollard's counsel notified the Government that Pollard had changed her mind and was not going to testify at trial and wanted to withdraw her plea. Pollard's counsel thereafter notified the Government that Pollard had changed her mind again and agreed to testify. Pollard changed her mind again indicating she was not going to testify at Curry's trial. When Curry's trial began on July 28, 2015, at Pollard's counsel's request, the Government did not foreclose the possibility that Pollard might testify

3

at trial. The trial concluded and Pollard did not testify. The Government then claimed she did not cooperate with the Government. The Government did not use any information Pollard provided at Curry's trial.

The Government claims that it investigated Pollard's assertions of threat by obtaining recordings of jail calls prior to Curry's trial, during the time Pollard went back and forth about testifying. The Government asserts the recordings of calls between Pollard and Curry's mother does not reveal any threats Curry made to Pollard. Rather, the recordings show Pollard indicating to Curry's mother that Pollard was going to "pull back" from testifying against Curry at trial.

The test for validity of a guilty plea is whether the plea was entered voluntarily and intelligently. *Railey v. Webb,* 540 F.3d 393, 417 (6th Cir. 2008); *Hill v. Lockhart,* 474 U.S. 52, 56 (1985). Rule 11 of the Rules of Civil Procedure was designed to assist the district judge in making constitutionally required determination that a guilty plea is voluntary. *McCarthy v. United States,* 394 U.S. 459, 465 (1969). If followed, Rule 11 discourages attacks on the validity of a guilty plea. *Id.* Federal Rule of Criminal Procedure Rule 11(d) states:

> A defendant may withdraw a plea of guilty or nolo contendere:
> (1) before the court accepts the plea, for any reason or no reason; or
> (2) after the court accepts the plea, but before it imposes sentence if:
>    (A) the court rejects a plea agreement under Rule

4

        11(c)(5); or
   (B)  the defendant can show a fair and just reason
       for requesting withdrawal.

Fed. R. Crim. P. 11(d).  A defendant must show a "fair and just" reason in order to withdraw an accepted plea of guilty.  Fed. R. Crim. P. 11(d)(2)(B).  The goal of this rule "is to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991). The defendant has the burden of proving that withdrawal is justified. *Id.* at 1003. Granting withdrawal is within the discretion of the district court.  *Id.*

  In *United States v. Bashara*, the Sixth Circuit set forth the factors that this Court must consider in determining whether the defendant has demonstrated a "fair and just reason" for seeking withdrawal of her guilty plea. 27 F.3d 1174, 1181 (6th Cir. 1994)(*superseded on other grounds by statute as stated in United States v. Caseslorente,* 220 F.3d 727, 734 (6th Cir. 2000)).  The factors include:

    1) the amount of time that elapsed between the plea and the motion to withdraw it;
    2) the presence (or absence) of a valid reason for failure to move for withdrawal earlier in the proceedings;
    3) whether the defendant has asserted or maintained his innocence;
    4) the circumstances underlying the entry of the guilty plea;

> 5) the defendant's nature and background;
> 6) the degree to which the defendant has had prior experience with the criminal justice system; and
> 7) potential prejudice to the government if the motion to withdraw is granted.

*Id.* at 1181. The factors are a general, non-exhaustive list and no one factor is controlling. *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996).

Applying the *Bashara* factors, the Court finds Pollard has not shown a "fair and just reason" to allow Pollard to withdraw her plea of guilty. Regarding the amount of time that elapsed between the plea and the motion to withdraw the plea, as noted above, Pollard pled guilty on March 3, 2015 and the instant motion was filed on February 25, 2016, almost a year later. The Sixth Circuit has denied motions to withdraw guilty pleas where the motions were filed in as little as five weeks from the entry of a guilty plea. *See, United States v. Ellis,* 470 F.3d 275, 281-82 (6th Cir. 2006)(collecting cases showing denial of motions to withdraw guilty pleas with less than six months' delay). The almost one-year delay weighs against Pollard.

Pollard does not set forth any reason for her failure to move for withdrawal earlier in the proceedings, other than the Government now refuses to file a 5K1.1 motion at sentencing. Pollard argues that it was understood she would get "some" benefit from her cooperation. According to the Government, the information provided by Pollard merely corroborated the minor victim's and other witnesses' testimony.

6

The information the Government wanted to present at trial were conversations between Pollard and Curry, which were not presented at trial because Pollard did not testify. The Cooperation Agreement between Pollard and the Government expressly states that, "[a]ny actions or statements inconsistent with continued cooperation under this agreement, including but not limited to criminal activity, *or a statement indicating a refusal to testify,* or any other conduct which in any way undermines the effectiveness of Defendant's cooperation, constitutes a breach of this agreement." (Doc. No. 199, Pg ID 2512) The Cooperation Agreement further states, "[i]t is exclusively within the government's discretion to determine whether Defendant has provided substantial assistance." (Doc. No. 199, Pg ID 2513) Pollard's stated reason that she should be able to withdraw her plea because the Government will not file a 5K1.1 motion is not a valid reason for Pollard's failure to move for withdrawal earlier in the proceedings. The Cooperation Agreement is clear that the Government has the exclusive discretion to determine whether Pollard has provided substantial assistance and Pollard's refusal to testify is an express breach of the agreement. This factor weighs against Pollard.

By entering a plea of guilty before the Court, Pollard admitted her guilt, which means Pollard has not consistently asserted or maintained her innocence. This factor weighs against Pollard.

Pollard does not raise any arguments regarding the circumstances underlying the entry of the guilty plea. As noted above, Pollard entered her plea of guilty, which the Court accepted, finding that the plea was voluntarily, knowingly, and intelligently made.

Pollard argues that her nature and background shows she suffered from a very traumatizing childhood and adult life. She also suffers from mental illness, as shown in Dr. Wendt's reports. The Government responds that Pollard is a 36 year old woman, who has taken one year of college courses, is able to read, write and understand the English language. The Government claims that throughout Pollard's cooperation with the Government, she was articulate and appeared to understand the purpose of her cooperation. The Government further claims that the jail recordings show that she understood and appreciated what she was doing when she decided to no longer cooperate with the Government.

Dr. Wendt's latest report opines that Pollard meets the diagnostic criteria for Posttraumatic Stress Disorder and Major Depressive Disorder and that she feared for the safety of herself and her children, causing her to lose sight of the long-term benefits of her plea agreement. However, the jail recordings of conversations between Pollard and Curry's mother do not support her statements of fear. Pollard told Curry's mother to tell Curry that she still loved him and would "pull back" on testifying

against him. Although Pollard does have mental disorders based on Dr. Wendt's report, the decision not to testify does not appear to be based on threats by Curry. The alleged threats to Pollard were referred to the Marshal Service. The nature and background does not weigh in Pollard's favor.

Regarding the degree to which the defendant has had prior experience with the criminal justice system, Pollard has experience with the criminal justice system. Pollard has had convictions for driving with a suspended license, with custodial sentences. She has a misdemeanor breaking and entering of a vehicle conviction, larceny, unlawful driving away of an automobile, conspiracy to deliver a controlled substance under fifty grams, assault with a dangerous weapon and felony firearm. Prior convictions constitute experience with the criminal justice system which weigh against withdrawal. *United States v. Dixon,* 479 F.3d 431, 437 (6th Cir. 2007). This factor weighs against Pollard.

Once the court has found there is a fair and just reason for the delay in seeking withdrawal of the plea, the burden is on the government to show prejudice. *Ellis,* 470 F.3d at 285. The potential prejudice to the government if the motion to withdraw is granted includes wasted government resources, which in turn can include potential wasted judicial resources, harm to the victims who thought the case was resolved, and that key witnesses may not be available. *United States v. Osborne,* 565 F. Supp. 2d

9

927, 939 (E.D. Tenn. 2008)(citations omitted).

Weighing the factors above, Pollard has not shown a fair and just reason for the delay in seeking to withdraw her plea of guilty. The Government is therefore not required to show prejudice. Even if the Court were to find a fair and just reason, the Government has shown prejudice since it would have to prepare for another trial against Pollard. The witnesses may not now be available, and there would be harm to the victims who already had to testify once before and thought they no longer had to testify again. Pollard's Motion to Withdraw her guilty plea must be denied.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant Tammy Denice Pollard's Motion to Withdraw Plea of Guilty **(Doc. No. 190)** is DENIED. The matter will proceed to sentencing.

IT IS FURTHER ORDERED that Defendant Tammy Denice Pollard's Oral Motion for Bond is DENIED for the reasons set forth on the record.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: September 7, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 7, 2016, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry<br>Case Manager