UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TAMMY POLLARD,

    Defendant.
_____/

CASE NO. 13-cr-20887
HON. DENISE PAGE HOOD

**ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE [ECF No. 278]**

**I.   Introduction**

In a motion mailed to the Court on April 22, 2020, Defendant Tammy Pollard requested that the Court order her early release from prison under home confinement pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c) (the "Motion"). Defendant cites the threat of the Novel Coronavirus 2019 ("COVID-19") and her health conditions as the basis for her request. The Government timely filed a response in opposition to the Motion.

**II.   Background**

Defendant, a 41 year old woman, and co-defendant Willie Curry were charged with and convicted of trafficking three minor girls, as well as producing child pornography featuring those three victims. Defendant entered a guilty plea to

production of child pornography and conspiracy to engage in sex trafficking of a minor. In 2016, the Court sentenced Pollard to twenty-five years in the custody of the Bureau of Prisons.

In her Motion, Defendant identifies the following health issues as the basis for seeking compassionate release: chronic asthma, high blood pressure, "immuno-compromised," "enlarged heart," severe anemia, edema, hypothyroidism, and anxiety. ECF No. 278, PgID 3880. Nearly a month later, on May 19, 2020, Pollard sent a request for compassionate release to the warden. As of June 10, 2020, there is currently only one inmate and three staff members who have tested positive for Covid-19 and not yet recovered, at Aliceville FCI, where Pollard is serving her sentence. 10 other inmates and six staff at Aliceville FCI have recovered from the virus, and there have been no deaths among inmates or staff there. *See* BOP Covid-19 Website.

**III. Analysis**

A court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). A court also must weigh the sentencing factors set forth in 18 U.S.C. § 3553(a) and determine if a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. U.S. Sentencing Guidelines Manual § 1B1.13 (U.S.

Sentencing Comm'n 2018) is the "applicable policy statement[]" with which courts must comply. 18 U.S.C. § 3582(c)(1)(A).

Section 1B1.13 of the Sentencing Guidelines states that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and limits compassionate release to a narrow group of defendants who satisfy at least one of four categories of "extraordinary and compelling reasons." Those four categories are based upon: (1) the inmate's medical condition; (2) the inmate's age; (3) the inmate's family circumstances; and (4) other reasons "[a]s determined by the Director of the Bureau of Prisons," which the Bureau of Prisons has set forth in Program Statement 5050.50.[1] U.S.S.G. § 1B1.13 cmt. n.1. *See also United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *2 (E.D. Mich. Jan. 31, 2020) (Leitman, J.) (summarizing compassionate release requirements).

"Extraordinary" is defined as "exceptional to a very marked extent." Webster's Third International Dictionary, Unabridged (2020). "Compelling" is defined as "tending to convince or convert by or as if by forcefulness of evidence." *Id.* A court in the Eastern District of Michigan has described the requirements of "'extraordinary' as beyond what is usual, customary, regular, or common," and "'compelling reason'

---

[1] The BOP has released Program Statement 5050.50 to guide its determination of extraordinary and compelling circumstances. Federal Bureau of Prisons, U.S. Department of Justice, Program Statement 5050.50: Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) (2019). *See also* 18 U.S.C. § 3582(c)(1)(A).

as one so great that irreprovable harm or injustice would result if the relief is not granted." *See Sapp*, 2020 WL 515935, at *3 (citations removed). And, as the Tenth Circuit recently explained, a district court "lack[s] jurisdiction" to grant compassionate release when a defendant's circumstances do not fall within those categories. *Saldana*, 2020 WL 1486892, at *3.

In *United States v. Waseem Alam*, the Sixth Circuit Court of Appeals affirmed the district court's dismissal of the defendant's motion for compassionate release. Defendant Alam sent a letter to the warden on March 25, 2020 requesting compassionate release. He did not wait for a response. Instead, Alam filed a motion for emergency relief in district court. The district court dismissed his motion because Alam failed to comply with the compassionate-release statute's administrative exhaustion requirement, 18 U.S.C. § 3582(c)(1)(A). The Court Appeals affirmed the district court's decision because Alam waited just 10 days after the warden's receipt of his request to file his motion in federal court, not the required 30 days.

In its analysis, the Sixth Circuit held that exhaustion is a mandatory condition, stating:

> Alam asks us to overlook [his failure to exhaust] by finding the requirement non-mandatory or by fashioning an exception of our own. But because this exhaustion requirement serves valuable purposes (there is no other way to ensure an orderly processing of applications for early release) and because it is mandatory (there is no exception for some compassionate-release requests over others), we must enforce it.

In other words, a district court cannot excuse a defendant's failure to satisfy the 30 day requirement pursuant to 18 U.S.C. § 3582(c)(1)(A).

The Court finds that Defendant has failed to exhaust her remedies. Although she sent the Motion to the Court on April 22, 2020, Defendant has not alleged or presented evidence that she exhausted her administrative appeals within the BOP or that she waited thirty days after submitting a compassionate release request to the warden of her detainment facility. 18 U.S.C. § 3582(c)(1)(A). Although it appears from the Government's response that Defendant filed a request for compassionate release from the BOP, she did not do so until May 19, 2020 (less than 30 days ago). As Defendant has not satisfied § 3582(c)(1)(A)'s mandatory exhaustion requirement, her claim is not ripe. The plain text of 18 U.S.C. § 3582(c)(1)(A) states that Defendant must either exhaust all administrative appeals or wait thirty days; Defendant has done neither. *Alam, supra. See also Grand Trunk W. R.R. Co. v. U.S. Dep't of Labor*, 875 F.3d 821, 824 (6th Cir. 2017) (quoting *King v. Burwell*, 135 S.Ct. 2480, 2489 (2015)) ("If the statutory language is plain, we must enforce it according to its terms."). For the reasons set forth above, the Court denies without prejudice the Motion.

The Court also denies the Motion on the merits. Even if the Court were to find that Defendant had satisfied (or could satisfy) the exhaustion requirement and that she

could establish an "extraordinary and compelling reason" for release due to her health conditions (the Court need not, and does not, make such a finding here), Defendant's conduct with respect to the underlying offenses and her criminal history make her a danger to the community, which precludes release under USSG § 1B1.13(2). In the instant case, Defendant was a participant in the sex trafficking and creation of child pornography with respect to three teenage girls. Among other acts, Defendant opened one of the minor victim's legs more when Curry was taking explicit photos of the victim's genitalia and was present for and participated in Curry's brutal physical and sexual assault of one of the minor victims. ECF No. 186, PgID 1963-72.

In the course of another crime for which she has been convicted, Defendant brandished a firearm against two persons, even holding a gun to one person's head, while attempting to collect a drug debt. Defendant also slapped and choked a woman during the commission of that crime. Defendant subsequently was caught stealing from an unoccupied house while on probation for that crime.

For the same reasons, the Court's consideration of the § 3553(a) factors (a requirement for purposes of assessing a motion pursuant to § 3582(c)(1)(A)) does not support releasing Defendant. As the Government notes, at the time of sentencing, the Court's consideration of the § 3553 factors was a basis for the Court's imposition of a 25 year sentence, which was 10 years more than the mandatory minimum sentence

required for both counts upon which she was convicted.

For all of the reasons stated above, Defendant's Motion is denied.

## IV. Conclusion

Accordingly,

IT IS ORDERED that Defendant's Motion for Compassionate Release [ECF No. 278] is DENIED.

IT IS ORDERED.

                                                              s/Denise Page Hood
                                                              DENISE PAGE HOOD
Dated: June 18, 2020                          UNITED STATES DISTRICT JUDGE