**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,                       CRIMINAL CASE NO. 13-20887
                                           CIVIL CASE NO. 19-12316
v.                                           HONORABLE DENISE PAGE HOOD

D-2 TAMMY DENICE POLLARD,

      Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION UNDER**
**28 U.S.C. § 2255 [#249], DENYING AS MOOT MOTION**
**FOR STATUS REPORT ON HEARING [#292] and**
**DISMISSING WITH PREJUDICE CIVIL CASE NO. 19-12316**

On March 3, 2015, pursuant to a Rule 11 Plea Agreement, Defendant pleaded guilty to Count Three (production of child pornography, in violation of 18 U.S.C. §§ 2251(a), 2251(e), and 2) and Count Four (conspiracy to engage in sex trafficking of children, in violation of 18 U.S.C. §§ 1594(c) and 1591(a)) of the First Superseding Indictment. ECF No. 110. Prior to her sentencing and after being appointed new counsel to represent her for purposes of sentencing, Defendant filed a motion to withdraw her guilty plea, ECF No. 190, which the Court denied on September 7, 2016. ECF No. 208. On September 28, 2016, the Court sentenced Defendant to 180 months on Count Three and 300 months on

Count Four, to be served concurrently. *See* ECF No. 223 (Judgment, entered on November 9, 2016).

Defendant timely appealed her conviction and sentence. Because Defendant's Rule 11 Plea Agreement included a waiver the right to appeal her conviction, on September 7, 2017, the Sixth Circuit Court of Appeals dismissed her appeal based on that appellate waiver. ECF No. 242. Defendant did not file a writ of certiorari.

On August 5, 2019, Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (the "2255 Motion"). ECF No. 249. The 2255 Motion has been fully briefed. For the reasons set forth below, the 2255 Motion is denied.

### III. Legal Standard

### A.    2255 Motions

28 U.S.C. § 2255 authorizes a federal prisoner to move the district court to vacate a sentence. 28 U.S.C. § 2255(a). A defendant seeking relief under § 2255 "must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (citing *Mallett v. United States*, 334 F.3d 491,

496-97 (6th Cir. 2003)). When raising claims alleging errors of constitutional magnitude, a defendant must show that the constitutional error had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). Further, relief under § 2255 requires a showing of "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. U. S.*, 417 U.S. 333, 346 (1974).

### B. Ineffective Assistance of Counsel Claim

Under the Sixth Amendment, a defendant has a right to "have the assistance of counsel for his defense." U.S. Const. Amend. VI. The Sixth Amendment guarantees a defendant the right to "reasonably effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court articulated a two-prong test for ineffective counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown of the adversary process that renders the result unreliable.

*Id*. "There is a strong presumption that legal counsel is competent," *United States v. Osterbrock*, 891 F.2d 1216, 1220 (6th Cir. 1989), and "falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. A "reviewing court must give a highly deferential scrutiny to counsel's performance." *Ward v. United States*, 995 F.2d 1317, 1321 (6th Cir. 1993). Further, "[t]he reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694.

**III. Analysis**

**A. The 2255 Motion is Untimely and Procedurally Barred**

As an initial matter, the Court notes, and Defendant acknowledges, that the 2255 Motion was not timely filed. Motions brought under Section 2255 are subject to a one-year limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996, generally running from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2253(f)(1); *Dunlap v. United*

*States*, 250 F.3d 1001, 1004-05 (6th Cir. 2001). In this case, the judgment of conviction became final on or about December 7, 2017, 90 days after her appeal was dismissed by the Sixth Circuit. Accordingly, Defendant had to file her 2255 Motion on or before December 7, 2018, but she did not file her 2255 Motion until August 5, 2019, approximately eight months after the one-year statute of limitations period expired. For this reason, Defendant's 2255 Motion is procedurally barred, absent satisfaction of a recognized exception to the one-year statute of limitations.

**B.  Defendant Cannot Satisfy the "Actual Innocence" Exception**

Defendant asserts that she qualifies for and is entitled to the "actual innocence" exception to the statute of limitations that otherwise would bar her claim. A court may entertain an untimely Section 2255 motion if the petitioner has a credible claim of actual innocence. *See, e.g., Schlup v. Delo*, 513 U.S. 298 (1995). As the Seventh Circuit recently stated:

> "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or ... expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *see Schlup v. Delo*, 513 U.S. 298, 317 (1995) (holding that a petitioner who procedurally defaults his claims can overcome the procedural bar if he successfully raises a claim of actual innocence—that is, if he "raise[s] sufficient doubt about [his] guilt to undermine confidence in the result"). The actual innocence gateway exception is "grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the

5

incarceration of innocent persons." *Herrera v. Collins*, 506 U.S. 390, 404 (1993) (quoting *McCleskey v. Zant*, 499 U.S. 467, 502 (1991)). To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327.

\* \* \* \* \*

The actual innocence exception is merely a gateway through which a court can consider a petitioner's otherwise barred claims on their merits. *See Herrera*, 506 U.S. at 404–05. Framing the exception as a gateway presupposes that a petitioner will have underlying claims separate from the claim that he is actually innocent. "The Supreme Court has not recognized a petitioner's right to habeas relief based on a stand-alone claim of actual innocence." *Gladney*, 799 F.3d at 895. Moreover, "[t]he point of the exception is to ensure that 'federal constitutional errors do not result in the incarceration of innocent persons.'" *Perrone*, 889 F.3d at 903 (quoting *Herrera*, 506 U.S. at 404).

*Lund v. United States*, 913 F.3d 665, 667-68 (7th Cir. 2019).

"'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "The Supreme Court has made clear that the term 'actual innocence' means factual, as opposed to legal, innocence." *Harvey v. Jones*, 179 F.App'x 294, 299 (6th Cir. 2006) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). Evidence of actual innocence must be premised on "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. "Because such evidence is

6

obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Id*.

Defendant's reliance on the actual innocence exception is misplaced, as she really argues that she was coerced by Curry to participate in the crimes and, as such, only engaged in the criminal acts under duress. As the Government notes, Defendant argues that: (a) Curry "had a psychologically coercive effect upon [her] actions" (ECF No. 249, PgID 3475); (b) she "was compelled (forced) to partake in such activities where she had not voluntarily contributed any service to [the co-defendant's] endeavors" (ECF No. 249, PgID 3476); (c) Curry "compelled [her] to hold one of the victim's legs so that he could accomplish his criminal intent" (ECF No. 249, PgID 3479); (d) she "attempted to comply with [Curry's] requests to defend her own bodily interests" (ECF No. 249, PgID 3480); and (e) the Court did not have an "adequate factual basis, because duress, coercion, or influence would have had a large impact on [her] ability to offend." (ECF No. 249, PgID 3486). All of these arguments, however, constitute an assertion of legal, not actual, innocence.

Defendant has not presented scientific evidence, witnesses, or physical evidence demonstrating her innocence. Defendant has not introduced any "new evidence with which to demonstrate that [s]he was factually innocent of the crime

for which [s]he was convicted, [and she] has not established that [s]he is entitled to equitable tolling based on actual innocence." *Harvey v. Jones*, 179 F. App'x 294, 298 (2006). The Court further finds that Defendant has not established that her admissions of criminal acts in her Rule 11 Plea Agreement, her statements in court when pleading guilty, and even in her 2255 Motion were inaccurate. Rather, she has just offered an explanation for committing the criminal acts. Such explanations are not enough to establish actual innocence, much like arguing self-defense. *See, e.g., Ellis v. Hargett*, 302 F.3d 1182, 1186 n.1 (10th Cir. 2002); *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000); *Williams v. Delo*, 82 F.3d 781, 784 (8th Cir. 1996).

Defendant argues that *Ellis*, *Beavers*, and *Williams* are distinguishable because they were based upon the doctrine of self-defense rather than the theory of duress upon which her motion is based. Defendant contends that, in asserting self-defense, a person acknowledges that criminal intent is present but is negated through justification. Defendant asserts that the defense of duress is different because a person lacks the state of mind/criminal intent because he or she is involuntarily compelled to perform the criminal acts. Citing *United States v. Farah*, 953 F.Supp.2d 861, 868 n.6 (M.D. Tenn. 2013) (noting a jury instruction that a conviction under § 1591 required conduct done "knowingly," that is

8

"voluntarily and intentionally, and not because of mistake or accident or other innocent reason.").

The Court does not find that *Farah* supports Defendant's argument. In this case, Defendant does not cite any "mistake or accident or other innocent reason" for why she engaged in criminal conduct; rather, she claims that Curry made her do it, so her actions were caused under duress. This statement suggests that Defendant's underlying actions occurred while she was under duress, a defense that she could have asserted at trial. This claim does not affect the validity of the plea, and Defendant waived this alleged defense by pleading guilty. Because the plea and waiver were knowing and voluntary, the Court rejects Defendant's argument.

To the extent Defendant's claim of duress relates to the acceptance of the plea, that claim is not substantiated by the record. Defendant, openly and under oath, stated that her decision to enter into the plea was voluntary. An appropriately conducted Rule 11 colloquy can only be meaningful if a court is entitled to rely upon a defendant's statements made under oath while accepting a guilty plea. *United States v. Eversole*, 2010 WL 420067, at *10 (E.D. Ky. Feb. 1, 2010) (citing *United States v. Bowman*, 348 F.3d 408, 417 (4th Cir.2003)). Accordingly, the Court relies upon Defendant's previous statements and accepts that she entered into the Rule 11 Plea Agreement voluntarily, as reflected in the record.

For the reasons stated above, the Court rejects Defendant's reliance on the "actual innocence" exception to the one-year statute of limitations.

### C. Conflict of Interest

In Ground Two of her 2255 Motion, Defendant argues that her counsel had a "conflict of interest in presenting an appropriate defense." Defendant cites the following statements made by her attorney at sentencing as demonstrating a conflict of interest:

1. Your honor, this is perhaps one of the most difficult things for a criminal defense lawyer, a case like this where a client acknowledges wrong doing and you're facing such disturbing crimes. And I'm sure that holds true for everybody here. And I want everybody here to know that I have tremendous empathy and sympathy for these [women today]. Sentencing Transcript at 18:20-25.

2. So, your Honor, again, the seriousness of this crime and the impact on these young ladies is great. And this woman should be punished because she was there, and had some sort of role, and she was the adult, and she could have figured out more than she did. Sentencing Transcript at 21:17-21.

3. To suggest to an attorney, experienced trial attorney, that having somebody fill in the blank doesn't make any difference is just disingenuous because when you're in trial you live a story. And every blank needs to be filled in. And that helps you to tell that story. Sentencing Transcript at 22:5-9.

Defendant argues that the foregoing statements demonstrate that her counsel "wanted [Defendant] convicted and punished even with a valid defense."

10

Defendant also contends that her counsel's failure to move to withdraw Defendant's plea, and her counsel's failure to argue for the Section 5K1.1 sentence reduction, show that her counsel's interests were in conflict and prejudicial to Defendant's interests.

The Court has reviewed the entirety of Defendant's counsel's statements at sentencing, as well as the sentencing memorandum submitted on Defendant's behalf. It is true that Defendant's counsel referenced Defendant's guilt, but such references and concessions are routinely made at a sentencing hearing after the defendant has pleaded guilty. Contrary to Defendant's claim, Defendant's post-plea (sentencing) counsel did file a Motion to Withdraw Guilty Plea, *see* ECF No. 190, which the Court considered and denied. ECF No. 208.

As to the lack of a motion for a 5K1.1 reduction, the discretion for such a motion lies solely with the Government (as stated above), which Defendant's counsel recognized when filing her Sentencing Memorandum. ECF No. 212, PgID 2605. Accordingly, any objection to the absence of a 5K1.1 motion by Defendant's counsel would have been useless. The Court also finds that Defendant's counsel did not abdicate an effort to have the Court depart downward when sentencing Defendant. To the contrary, Defendant's counsel argued at great length in her Sentencing Memorandum and at the sentencing hearing why the

Court could and should depart downward when sentencing Defendant, including the fact that she met with the Government several times to provide information about the case. *See* ECF No. 212, PgID 2605-06; ECF No. 226, PgID 2681-82. Finally, the Court notes that Defendant's counsel also made several arguments at the sentencing hearing, as well as in her sentencing memorandum, regarding: (1) the effect Curry had on her; (2) Defendant's history and the abuse to which she herself was subjected; and (3) the fact that Defendant shielded the victims from abuse by Curry on some occasions. *See* ECF No. 212, PgID 2605-08; ECF No. 226, PgID 2679-82.

For all of these reasons, the Court concludes that Defendant has not established any conflict of interest of her legal counsel. Defendant cannot prevail on Ground Two.

**D.  Lack of Sufficient Factual Basis and Vindictive Prosection**

In Ground Three of her 2255 Motion, Defendant contends that this Court lacked a sufficient basis to convict Defendant. In Count Four, Defendant argues that the prosecution acted vindictively when it refused to file a motion for reduction of sentence for assistance and cooperation pursuant to United States Sentencing Guidelines § 5K1.1. Defendant asserts that it was understood she would get "some" benefit from her cooperation. In addition to the fact that

Grounds Three and Four are time-barred, the Court summarily denies them for the following reasons:

(1) Both Grounds Three and Four could have been raised–and Defendant was obligated to raise them–in her direct appeal. It is well-established law that a district court may not conduct a collateral review of an issue that has been procedurally defaulted by the defendant's failure to raise the grounds for review on direct appeal. *See, e.g., Massaro v. United States*, 530 U.S. 500, 504 (2003).[1]

(2) As to Count Three, Defendant's admissions and descriptions of her actions in both the Rule 11 Plea Agreement (ECF No. 111) and her statements in court when pleading guilty (ECF No. 230) constituted a sufficient basis to convict Defendant on Counts Three and Four, as the Court previously concluded. *See* ECF No. 208 (especially PgID 2564, 2570).

(3) As to Count Four, Defendant admitted that she refused to testify during Curry's trial about conversations between Defendant and Curry, the very

---

[1] Section 2255 is not a substitute for a direct appeal and a defendant cannot use it to circumvent the direct appeal process. *United States v. Frady*, 460 U.S. 152, 164-65 (1982); *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000). Where a defendant fails to raise claims on direct appeal and attempts to raise them in a § 2255 motion, the defendant must show good cause for failure to raise the claims and establish prejudice or the defendant must show she is actually innocent. *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003). As discussed in this Order, Defendant has not shown good cause for her failure to raise those issues, has not established prejudice, and has not shown she is actually innocent.

assistance and cooperation that the Government desired from her and that would have served as the basis for the Section 5K1.1 Motion she claims the Government withheld. According to the Government, the information provided by Pollard merely corroborated the minor victim's and other witnesses' testimony. ECF No. 208, PgID 2568. As the Court previously recognized, "<u>the Government ha[d] the exclusive discretion</u> to determine whether Pollard has provided substantial assistance and [Defendant]'s refusal to testify [wa]s an express breach of the agreement." *Id.* at PgID 2568-69 (emphasis added).

To the extent that Defendant has asserted that her counsel was ineffective in failing to raise those issues on appeal, Defendant also cannot prevail. As set forth above, those issues had no merit and an attorney is not deficient for failing to argue a frivolous claim. *See, e.g., Krist v. Foltz*, 804 F.2d 944, 946 (6th Cir. 1986) ("An attorney is not required to present a baseless defense or to create one that does not exist."). Even if those issues were not frivolous and Defendant's counsel was deficient for failing to raise them on direct appeal, Defendant's counsel's deficient performance did not prejudice Defendant's defense because the issues had no merit.

**IV.   Conclusion**

Accordingly, for the reasons set forth above,

14

IT IS ORDERED that Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [ECF No. 249] is **DENIED**.

IT IS FURTHER ORDERED that Motion for Status Report on Hearing [ECF No. 292] is **DENIED AS MOOT**.

IT IS FURTHER ORDERED that Civil Case No. 19-12316 (the Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255) is **DISMISSED WITH PREJUDICE and designated as CLOSED.**

IT IS ORDERED.

DATED: October 4, 2022

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge