**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,                     CRIMINAL CASE NO. 13-20887
                                             CIVIL CASE NO. 19-12316
v.                                        HONORABLE DENISE PAGE HOOD

D-2 TAMMY DENICE POLLARD,

      Defendant.
_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

On March 3, 2015, pursuant to a Rule 11 Plea Agreement, Defendant pleaded guilty to Count Three (production of child pornography, in violation of 18 U.S.C. §§ 2251(a), 2251(e), and 2) and Count Four (conspiracy to engage in sex trafficking of children, in violation of 18 U.S.C. §§ 1594(c) and 1591(a)) of the First Superseding Indictment. ECF No. 110. On September 28, 2016, the Court sentenced Defendant to 180 months on Count Three and 300 months on Count Four, to be served concurrently. *See* ECF No. 223 (Judgment, entered on November 9, 2016).

On August 5, 2019, Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (the "2255 Motion"). ECF No. 249. On October 4, 2022, the Court denied the 2255 Motion but neglected to address whether a certificate of appealability should issue. *See* ECF No. 294.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254. In order to obtain a certificate of appealability, a defendant "must make a substantial showing of the denial of a constitutional right." *Slack v. Daniel*, 529 U.S. 473, 483 (2000); 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the defendant is required to show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further." *Slack,* 529 U.S. at 483-84 (citation and internal quotations omitted). In other words, when a district court rejects a defendant's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability,* 106 F.3d 1306, 1307 (6th Cir. 1997).

The Court concludes that, with respect to any of the grounds asserted in the 2255 motion, Defendant did not show (and cannot show) that "reasonable jurists

could debate whether (or, for that matter, agree that) [her] petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further." *Slack,* 529 U.S. at 483-84 (citation and internal quotations omitted).  For the reasons stated in the Court's October 4, 2022 Order (ECF No. 294), the Court finds that the issues raised by Defendant were without merit, and it will not issue Defendant a certificate of appealability with respect to the same.

      Accordingly,

      IT IS ORDERED that a certificate of appealability shall not issue in this case.

                                         s/Denise Page Hood  
                                         DENISE PAGE HOOD  
                                         United States District Judge

DATED: February 2, 2023